THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-0202-JCC |
| Plaintiff, | ORDER |
| v. | |
| ENRIQUE AGUILAR VALENCIA, | |
| Defendant. | |

This matter comes before the Court on Defendant's *pro se* motion for compassionate release and Defendant's motion to reduce sentence (Dkt. Nos. 361, 377), the parties' motions to seal (Dkt. Nos. 379, 383), and the Government's motion for leave to file an overlength brief (Dkt. No. 381). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motions for compassionate release and to reduce sentence (Dkt. Nos. 361, 377) and GRANTS the parties' motions to seal and the Government's motion to file an overlength brief (Dkt. Nos. 379, 381, 383) for the reasons explained herein.

I.   BACKGROUND

Defendant is currently serving a 144-month sentence at FCI Sheridan following his 2016 guilty pleas on counts of conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. No. 317.) Defendant filed a *pro se* motion for compassionate release, followed by counsel's motion for reduction of sentence. (Dkt. Nos. 361, 377.) Defendant asserts

ORDER
CR15-0202-JCC
PAGE - 1

that, in light of the COVID-19 pandemic, his medical conditions are sufficiently extraordinary and compelling to justify the Court's consideration of a reduced sentence in accordance with 18 U.S.C. § 3582(c)(1). (*See generally* Dkt. Nos. 361, 377.)

## II.    DISCUSSION

### A.    Defendant's Motion for Compassionate Release

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement adds that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must warrant release, a defendant cannot represent a danger to the community upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.[1]

A court may find extraordinary and compelling reasons to release a defendant if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). Health conditions that make an inmate significantly more vulnerable to COVID-19 may constitute extraordinary and compelling

---

[1] Defendant presented a request for compassionate release to the warden of his facility on June 11, 2020. (Dkt. No. 361 at 13.) Thus, Defendant has satisfied the exhaustion requirement of 18 U.S.C. 3582(c)(1)(A).

circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

Defendant suffers from several health conditions that may increase his risk of serious illness from a COVID-19 infection. *See* "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. This includes Type II diabetes, obesity, and hypertension.[2] (Dkt. No. 382 at 11–12; *see generally* Dkt. No. 380.) While such conditions may represent the type of extraordinary and compelling circumstances to justify a reduction in sentence,[3] the Court does not make that determination here in light of Defendant's failure to demonstrate that, if released, he would not represent a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2).

In determining whether Defendant would represent a danger to the safety of any person or the community, the Court looks to the nature and circumstances of a defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.S.C. § 3142(g). In his plea agreement, Defendant admitted to knowingly participating in a large-scale conspiracy to distribute significant quantities of illicit substances and launder the ill-gotten spoils. (Dkt. No. 289 at 6–8.) Moreover, investigators seized a 9mm pistol and ammunition at the time of Defendant's arrest. (*Id.* at 6, 8.) In addition, the Court is troubled by Defendant's past conduct, which includes prior convictions for kidnap, assault, rape, and lewd and lascivious acts with a child. (Dkt. No. 382 at 15–16.) Based on this history, Defendant cannot make the requisite showing.

Accordingly, the Court DENIES Defendant's motions for compassionate release and for

---

[2] Hypertension "*might*" increase the risk of severe illness due to COVID-19. *Id.* (emphasis added).

[3] The Court declines to address whether Defendant may invoke U.S.S.G. § 1B1.13 cmt. n.1(D)'s "'catch-all' provision" to find his circumstances extraordinary and compelling.

a reduction in sentence (Dkt. Nos. 361, 382).

### B. Motions to Seal and to File Overlength Brief

The parties move to maintain under seal exhibits containing Defendant's medical records (Dkt. Nos. 380, 384). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits contain Defendant's confidential and highly personal medical information. There is little value in disclosing this information to the public. Therefore, there is a compelling interest in maintaining the confidentiality of such records and that interest outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179. Thus, the Court GRANTS the parties' motions to seal (Dkt. Nos. 379, 383).

Finally, the Government moves to file a 17-page brief (Dkt. No. 381). The Government's brief is in response to Defendant's *pro se* motion for compassionate release (Dkt. No. 361), Defendant's *pro s*e supplement (Dkt. No. 365), and Defendant's motion for a reduction in sentence (Dkt. No. 377), which total 20 pages of argument. A response brief of 17 pages is reasonable. Therefore, the Court GRANTS the Government's motion to file an overlength brief (Dkt. No. 381).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions for compassionate release and to reduce sentence (Dkt. Nos. 361, 377) and GRANTS the parties' motions to seal and the Government's motion to file an overlength brief (Dkt. Nos. 379, 381, 383). The Clerk is DIRECTED to maintain Docket Numbers 380 and 384 under seal until further order of the Court.

//

DATED this 9th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE