THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br>ENRIQUE AGUILAR VALENCIA,<br><br>        Defendant. | CASE NO. CR15-0202-JCC-1<br><br>ORDER |

       This matter comes before the Court on Defendant's renewed *pro se* motion for a reduction in sentence (Dkt. No. 424). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

       Defendant is currently serving a 144-month sentence at FCI Sheridan following 2016 guilty pleas on counts of conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. No. 317.) Defendant previously moved for compassionate release, with the assistance of counsel, (*see* Dkt. Nos. 361, 377), which the Court denied. (*See* Dkt. No. 386, *see also* Dkt. No. 390 (denying motion for reconsideration).) Defendant now moves for a reduction in sentence, relying primarily on a desire to seek asylum now, rather than at the end of his custodial sentence. (*See generally* Dkt. No. 424.)

       In analyzing requests for a reduction in sentence, a court must determine whether a defendant has satisfied the following requirements: (1) exhaustion of administrative remedies

with the Bureau of Prisons, (2) "extraordinary and compelling reasons warrant[ing] such a reduction," (3) and "that such [a] reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A). The court must also consider "the factors set forth in § 3553(a) to the extent that they are applicable." *Id.* Defendant bears the burden of making this showing. *U.S. v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

Defendant presents evidence suggesting he has met the exhaustion requirement. (*See* Dkt. No. 424-1 at 1–2.) Therefore, the Court turns to whether he established extraordinary and compelling reasons warranting such a reduction.

The Court has closely reviewed Defendant's submissions. While it empathizes with Defendant's circumstances, he presents no authority suggesting that a desire to seek asylum prior to the end of his imposed sentence constitutes an extraordinary and compelling circumstance. (*See generally* Dkt. Nos. 424, 424-1, 425, 426.) Nor does he explain how first serving his sentence would preclude him from later seeking asylum. (*Id.*) "Extraordinary" means "[b]eyond what is usual, customary, regular, or common." Black's Law Dictionary (11th ed. 2019). And "[c]ompelling" means something "so great that irreparable harm or injustice would result if it is not met." *Id.* Defendant fails to establish either. On this basis, the Court need not consider the section 3553(a) factors. *See U.S. v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (section 3553(a) factors need not be considered in denying a motion for a reduction in sentence if the motion presents other statutory deficiencies).

For the foregoing reasons, the Court DENIES Defendant's motion for a reduction in sentence (Dkt. No. 424). The Clerk is DIRECTED to terminate Docket Number 425.

//

---

[1] The Ninth Circuit has held that the current version of the U.S. Sentencing Guidelines Manual §1B1.13 is not applicable to motions for compassionate release presented to a district court under the First Step Act of 2018 and therefore it is not binding, but may inform the Court's exercise of discretion. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

DATED this 27th day of October 2022.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR15-0202-JCC-1
PAGE - 3