THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ENRIQUE AGUILAR VALENCIA,<br><br>　　　　　　Defendant. | CASE NO. CR15-0202-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 453) and the Government's motion to seal (Dkt. No. 456). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Defendant's motion and GRANTS the Government's motion for the reasons explained herein.

In November 2016, Defendant pleaded guilty to conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. Nos. 287, 292.) The Court sentenced Defendant to concurrent custodial terms of 144 months, followed by 5 years of supervised release. (Dkt. No. 317 at 2–3.) Now, with a few months left in his custodial sentence, Defendant moves for compassionate release. (Dkt. No. 453.) This is his third such request.[1] (*See*

---

[1] Defendant's first motion argued for compassionate release based on coronavirus conditions. (*See* Dkt. 377 at 7–11.) His second argued that his desire to seek asylum prior to his release presented an extraordinary and compelling reason warranting a reduction in sentence. (*See* Dkt. No. 424 at 1–5.)

Dkt. Nos. 386, 435) (orders denying prior motions). The primary basis of the instant motion is the alleged lack of medical care[2] at the Bureau of Prisons' ("BOP") facility USP Lompoc, where Defendant is currently placed. (*See* Dkt. Nos. 453 at 4, 453-1 at 3–5, 453-2 at 1.) Defendant's claim can be succinctly boiled down to his description of the conditions at his institution: "I am sick all the time. Everyone gets sick." (Dkt. No. 453-1 at 5.)

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, the defendant has exhausted his administrative rights of appeal with the BOP,[3] the defendant would not present a danger to the community, and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a).[4] *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. Defendant bears the burden of making this showing. *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Defendant largely supports his claim with boilerplate documents containing legal argument and generalized allegations—not factual allegations specific to Defendant. (*See* Dkt. Nos. 453 at 4, 453-2 at 4–18.) Like sister courts, this Court finds such a motion inadequate to support a request for the extraordinary remedy of compassionate release. *See, e.g.*, *U.S. v. Hernandez-Hernandez*, 2023 WL 5977159, slip op. (W.D. Wash. 2023); *U.S. v. Slaughter*, 2023 WL 5609339, slip op. (W.D. Wash. 2023). Accordingly, the Court DENIES Defendant's motion (Dkt. No. 453).

---

[2] An attachment also indicates that Defendant would like to "spend time with his ailing mother." (Dkt. No. 453-2 at 1.) This claim is not found within the motion, itself, and Defendant does not claim to be the only caretaker for his mother. (*See generally* Dkt. No. 453.) Therefore, the Court does not understand this to be a basis for Defendant's claimed grounds for release.

[3] It is undisputed that Defendant has satisfied the exhaustion requirement. (Dkt. No. 455 at 8 n3.) He presented a request for compassionate release to the BOP facility's warden and waited 30 days before seeking relief from the Court. (*See* Dkt. No. 452-2 at 3.)

[4] In *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit held that the Sentencing Commission's policy statement on a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. Accordingly, the Court is not required to consider whether Defendant would present a danger to the community. *Id.* Regardless, the Court may do so if it so chooses. *Id.*

Separately, the Government moves to maintain under seal an exhibit containing Defendant's medical records. (Dkt. No. 456.) While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Such is the case here. Thus, finding good cause, the Court GRANTS the Government's motion to seal (Dkt. No. 456). The Clerk is DIRECTED to maintain Docket Number 457 under seal.

It is so ORDERED this 6th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE